## Phipps v. Phipps.

October 6, 1950.

J. B. Johnson, Judge.

Cleon K. Calvert for appellant.

J. J. Tye for appellee.

CLAY, COMMISSIONER—Affirming.

This is an action to quiet title to about an eight acre strip of land in Knox County. The record contains a nightmare of inaccurate calls in various deeds and a former judgment.

In 1885 Certain lands of Henry Trosper were partitioned into tracts 1, 2 and 3. Tract No. 2, in the middle, is now owned by appellee. In 1905 one of appellee's predecessors in title conveyed this tract by a different description than that contained in the original deed, and the new description resulted in approximately a 20 pole extension of the eastern and western boundaries, creating the strip in controversy. In 1915, the then owners of

tracts Nos. 2 and 3 litigated over the correct boundary lines. The judgment in this case departed somewhat from both the original description and the one contained in the 1905 deed. It is apparently admitted by both parties that this judgment description is inaccurate. It does appear, however, that the court was trying to approximate the 1905 description which added the 20 poles.

In view of the discrepancies in the various deeds and the earlier judgment, the parties undertook to fix the correct boundaries by evidence with respect to the location of natural objects called for in the descriptions. The proof was conflicting. There was, however, substantial evidence by surveyors and others that the 1905 deed contained the correct distances for the eastern and western boundaries.

Appellant argues that the distances fixed in the original deed are immutable, and that the proper boundaries cannot be extended by subsequent deeds or by the judgment. This argument, however, overlooks the established rule that courses and distances must give way to established natural objects. Hays v. Greasy Brush Coal Co., 288 Ky. 774, 157 S.W.2d 75. As before noted, there was substantial evidence to justify the finding of the Chancellor that the correct description of appellee's lot included the land in controversy. Under such circumstances, we see no reason to disturb the judgment.

The judgment is affirmed.